TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING









NO. 03-97-00838-CR






Wallace Chappel Slaton, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 47,797, HONORABLE J0E CARROLL, JUDGE PRESIDING






PER CURIAM

In his motion for rehearing, appellant states that his notice of appeal was untimely filed due
to counsel's error and argues that this Court may, in such a circumstance, waive the deadline for perfecting
appeal pursuant to rule 2. Tex. R. App. P. 2. A motion asking this Court to invoke rule 2 and consider
appellant's notice of appeal timely accompanies the motion for rehearing.

Rule 2, as amended effective September 1, 1997, appears on its face to authorize a court
of appeals to alter the time for perfecting an appeal in a criminal case for good cause. But this obvious
reading of rule 2 conflicts with the holding of the Court of Criminal Appeals in Olivo v. State, 918 S.W.2d
519 (Tex. Crim. App. 1996) (applying former rule 2(b)). In Olivo, the court reasoned that an untimely
notice of appeal fails to invoke appellate jurisdiction and that, without jurisdiction, an appellate court cannot
exercise its authority to suspend the appellate rules. The court held that if a notice of appeal is not timely,
the court of appeals has no option but to dismiss the appeal for want of jurisdiction. Id. at 523.

This Court recently noted the conflict between rule 2 and Olivo. In Williams v. State, No.
03-97-00707-CR (Tex. App.--Austin Dec. 18, 1997, no pet.), we wrote: 


As the Court of Criminal Appeals noted in Olivo, a court of appeals has
jurisdiction to determine whether it has jurisdiction. 918 S.W.2d at 523. In order to
determine if our jurisdiction has been legally invoked, we must apply the rules of appellate
procedure. If an untimely notice of appeal invokes our jurisdiction to apply rules 26.2
(time for perfecting appeal in criminal case) and 26.3 (extension of time), why does it not
invoke our jurisdiction to suspend rules 26.2 and 26.3 pursuant to rule 2? If rule 2 permits
us to suspend rules 26.2 and 26.3 and alter the time for perfecting appeal, as it seems to
do, why does application of the rule not fall within the scope of our jurisdiction to
determine our jurisdiction? Was Olivo overruled by the recent amendment of rule 2?


We invite the Court of Criminal Appeals to reexamine Olivo. Meanwhile,
pursuant to Olivo, we dismiss this appeal for want of jurisdiction.



No petition for discretionary review was filed in Williams and the questions we posed remain unanswered. 
Olivo remains the controlling precedent.

In the motion for rehearing, counsel states that he filed a notice of appeal in this cause on
October 9, 1997, but then "pulled" this notice of appeal when he filed appellant's motion for new trial. (1) 
A copy of this "pulled" notice of appeal is attached as an exhibit to appellant's motion for rehearing. It
bears the file mark of the district clerk dated October 9, and has been marked through with a large "X." 
This document does not appear in the clerk's record and we are informed that the district clerk has no
record of it being filed. The October 9 notice of appeal would have been timely, but it does not appear
in the record and we cannot deem it effective to perfect the appeal. The only notice of appeal in the record
was filed December 19, 1997, one day late. Counsel attributes the untimely filing to his failure to properly
calculate the deadline for filing.

We agree with appellant's counsel that there is good cause for suspending rule 26.2(a)(2)
in order to give effect to the December 19 notice of appeal. Under Olivo, however, we may not invoke
rule 2 but must dismiss this appeal for want of jurisdiction.

The motion for rehearing and the motion to invoke rule 2 are overruled.


Before Justices Powers, Aboussie and B. A. Smith

Appellant's Motion for Rehearing Overruled

Filed: February 26, 1998

Do Not Publish

1. We infer that counsel mistakenly believed that the notice of appeal could not properly be filed until
after the court ruled on the motion for new trial. See Tex. R. App. P. 27.


 Regular">In his motion for rehearing, appellant states that his notice of appeal was untimely filed due
to counsel's error and argues that this Court may, in such a circumstance, waive the deadline for perfecting
appeal pursuant to rule 2. Tex. R. App. P. 2. A motion asking this Court to invoke rule 2 and consider
appellant's notice of appeal timely accompanies the motion for rehearing.

Rule 2, as amended effective September 1, 1997, appears on its face to authorize a court
of appeals to alter the time for perfecting an appeal in a criminal case for good cause. But this obvious
reading of rule 2 conflicts with the holding of the Court of Criminal Appeals in Olivo v. State, 918 S.W.2d
519 (Tex. Crim. App. 1996) (applying former rule 2(b)). In Olivo, the court reasoned that an untimely
notice of appeal fails to invoke appellate jurisdiction and that, without jurisdiction, an appellate court cannot
exercise its authority to suspend the appellate rules. The court held that if a notice of appeal is not timely,
the court of appeals has no option but to dismiss the appeal for want of jurisdiction. Id. at 523.

This Court recently noted the conflict between rule 2 and Olivo. In Williams v. State, No.
03-97-00707-CR (Tex. App.--Austin Dec. 18, 1997, no pet.), we wrote: 


As the Court of Criminal Appeals noted in Olivo, a court of appeals has
jurisdiction to determine whether it has jurisdiction. 918 S.W.2d at 523. In order to
determine if our jurisdiction has been legally invoked, we must apply the rules of appellate
procedure. If an untimely notice of appeal invokes our jurisdiction to apply rules 26.2
(time for perfecting appeal in criminal case) and 26.3 (extension of time), why does it not
invoke our jurisdiction to suspend rules 26.2 and 26.3 pursuant to rule 2? If rule 2 permits
us to suspend rules 26.2 and 26.3 and alter the time for perfecting appeal, as it seems to
do, why does application of the rule not fall within the scope of our jurisdiction to
determine our jurisdiction? Was Olivo overruled by the recent amendment of rule 2?


We invite the Court of Criminal Appeals to reexamine Olivo. Meanwhile,
pursuant to Olivo, we dismiss this appeal for want of jurisdiction.